24-2088-cr
*United States v. Aramboles*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                  24-2088-cr

FIDEL ARAMBOLES,

> *Defendant-Appellant.*

---

FOR APPELLEE:                               DANA R. MCCANN (Nathan Rehn, *on the brief*), Assistant United States

Attorneys, *for* Matthew Podolsky, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT: DARRELL FIELDS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Arun Subramanian, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 26, 2024 is **AFFIRMED**.

Defendant-Appellant Fidel Aramboles ("Aramboles") appeals from his July 26, 2024 judgment of conviction, rendered after Aramboles pleaded guilty to one count of knowingly possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Aramboles challenges his conviction, arguing that § 922(g)(1) is unconstitutional both facially and as applied to him. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

Aramboles challenges the constitutionality of § 922(g)(1), citing to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But our recent decision in *Zherka v. Bondi* forecloses his arguments. *See* 140 F.4th 68, 75, 93, 96 (2d Cir. 2025) (holding that § 922(g)(1) is constitutional both facially and as applied to convicted felons, regardless of whether the crime of conviction is violent or nonviolent). Because our reasoning in *Zherka*

applies with equal force here, Aramboles's facial and as-applied challenges to the constitutionality of § 922(g)(1) fail. Aramboles raises no other challenges to his conviction.

\* \* \*

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court